**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JONATHAN GOLDSMITH, ESQ., an individual,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, a United States Governmental Entity; JPMORGAN CHASE BANK, N.A., a National Association; DOE individuals I-X; and ROE corporations I-X, inclusive,<br><br>    Defendants. | Case No.    2:14-cv-01297-GMN-NJK<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOCKET ENTRY 7)** |

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction (Docket Entry 7) (the "Motion"). The following parties were present at the August 26, 2014 hearing set by the Court regarding the Motion:

(a) Plaintiff Jonathan Goldsmith, Esq., an attorney licensed in Nevada and representing himself;

(b) Defendant JPMorgan Chase Bank, N.A. ("Chase"), appeared by and through its counsel of record, Kent. F. Larsen, Esq., of the law firm of Smith Larsen & Wixom; and,

(c) Virginia Cronan Lowe, Esq., of the United States Department of Justice, appeared on behalf of the United States of America;

After reviewing the pleadings and briefs on file in this case related to the Motion, and after hearing the arguments of Plaintiff, Mr. Larsen and Ms. Cronan Lowe at the August 26, 2014 hearing, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

(1)  the Motion is denied, without prejudice, as moot, insofar as Plaintiff has requested an injunction to restrain Chase from setting off on the IOLTA account which was maintained at Chase in the name of Jonathan B. Goldsmith, Ltd., a Nevada corporation, as Plaintiff acknowledged at the August 26, 2014 hearing that all funds had been withdrawn from the IOLTA account;

(2)  the Motion is granted pending any final judgment/decision on the issues raised in Plaintiff's Complaint, and Chase is precluded (pending such judgment/decision) from reporting Plaintiff, in his personal capacity, to Chexsystems;

(3)  the Motion is granted pending any final judgment/decision on the issues raised in Plaintiff's Complaint, and Chase is precluded (pending such judgment/decision) from setting off on the personal accounts of Plaintiff to satisfy any overdraft/negative balances in the accounts of Jonathan B. Goldsmith, Ltd., a Nevada corporation;

**IT IS HEREBY FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. Rule 65(c) the injunctive relief outlined above is deemed effective only upon Plaintiff posting a bond (or cash equivalent) with the Clerk of the Court in the amount of **FIVE HUNDRED ($500.00) DOLLARS** as required by Fed. R. Civ. P. Rule 65(c), for payment of such costs and damages as may be incurred or suffered by Defendant Chase, in the event that Defendant Chase is found to have been wrongfully enjoined;

**DATED** this 12th day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

1  Approved as to form:

2

3  *\s\ Jonathan B. Goldsmith,*
   Jonathan B. Goldsmith, Esq.
   Nevada Bar No. 11805
4  617 Hoover Avenue
   Las Vegas, Nevada 89101
5  Plaintiff in Proper Person

6

7

8  Approved as to form:

9  SMITH LARSEN & WIXOM

10

    *\s  \Kent F. Larsen,*
11  Kent F. Larsen, Esq.
    Nevada Bar No. 3463
12  Hills Center Business Park
    1935 Village Center Circle
13  Las Vegas, Nevada 89134
    Atorneys for Defendant
14  JPMorgan Chase Bank, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28