UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN GOLDSMITH, ESQ., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE, a United States Government Entity; JPMORGAN CHASE BANK, N.A., a national association; DOE, INDIVIDUALS, I-X; and ROE CORPORATIONS, I-X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-01297-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 27) filed by Defendant Internal Revenue Service (the "IRS"). The IRS also filed a Memorandum in support of its Motion to Dismiss (ECF No. 28). Plaintiff Jonathan Goldsmith, Esq. ("Plaintiff") filed a Response (ECF No. 29) and a Supplement to his Response (ECF. No. 30). The IRS filed a Reply (ECF No. 31). For the reasons discussed below, the IRS's motion is **GRANTED**.

I.  **BACKGROUND**

This case arises out of the IRS's alleged violation of 28 U.S.C. 6331(k), which bars the levying of taxes while installment agreements are pending or in effect, and Internal Revenue Service Manual 5.11.4.3, which allows the levy of taxes only on funds that are cleared and are available for withdrawal.

Plaintiff was the sole owner of Jonathan B. Goldsmith, Ltd., a now dissolved Nevada Corporation. (Compl. ¶¶ 13–14, ECF No. 1). On March 10, 2014, Plaintiff received an "Intent to Levy" letter from the IRS and filed a "Request for a Collection Due Process or Equivalent

Hearing" with the IRS in response. (*Id.* ¶¶ 16–17).  Plaintiff allegedly withdrew this request after speaking with IRS Officer Jeffrey Fountain and scheduled an installment agreement with the IRS to start on July 20, 2014. (*Id.* ¶¶ 19–20).  However, on July 11, 2014, prior to the start date of the installment agreement, Plaintiff allegedly transferred $5,200.00 from the corporate operating bank account into the payroll account in order to fulfill payroll. (*Id.* ¶¶ 26–27).  Plaintiff allegedly then discovered that the transferred funds were on hold by his bank due to an IRS levy despite his apparent success in removing the funds from the operating account. (*Id.* ¶¶ 28–31).

On August 7, 2014, Plaintiff initiated the present action alleging four causes of action against the IRS: (1) fraud; (2) violation of 26 U.S.C. § 6331(k)(2)(A); (3) violation of 26 U.S.C. § 6331(k)(2)(C); and (4) violation of § 5.11.4.3(2) the Internal Revenue Service Manual. (*Id.* ¶¶ 38–53).

## II.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III.   DISCUSSION

### A.   Fraud Claim

In his fraud claim, Plaintiff alleges the IRS, through its agents, made material representations they knew to be false when made, with intent to defraud Plaintiff. (Compl. ¶¶ 81–84, ECF No. 1).  Plaintiff further alleges he reasonably relied on these representations to his detriment. (*Id.* ¶¶ 85–87).

Plaintiff's allegations essentially amount to a common law fraud claim against the IRS. In order to assert a tort claim against the IRS, Plaintiff must first show that the federal government has consented to such a claim by waiving its sovereign immunity. *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011).  However, Plaintiff does not put forward any argument establishing that sovereign immunity has been waived for such a claim against the IRS.

The general statute under which Plaintiff may assert a tort claim against the IRS is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  The FTCA, however, is a limited waiver of sovereign immunity. *See* 28 U.S.C. § 2680.  Most importantly here, the FTCA does not allow recovery in two relevant circumstances.  First, a Plaintiff may not bring a claim against the United States "arising in respect to the assessment or collection of any tax." 28 U.S.C. § 2680(c); *see also Hurt v. United States*, 914 F. Supp. 1346, 1350–51 (S.D.W. Va. 1996); *Perkins v. United States*, 55 F.3d 910 (4th Cir. 1995); *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981) ("Congress retained the United States' sovereign immunity for any claim in respect of the assessment or collection of taxes.  This language is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties.").  Here, the actions of the IRS and its agents were obviously related to the collection of taxes and are therefore barred by § 2680(c).

Second, Plaintiff cannot bring a claim against the United States and the IRS for fraud and intentional misrepresentation under the FTCA. *See* 28 U.S.C. § 2680(h); *United States v.*

*Neustadt*, 366 U.S. 696, 706 (1961).  Here, Plaintiff claims in his Complaint that the IRS knew the representations were false when made. (Compl. ¶ 83, ECF No. 1).  This type of claim for intentional misrepresentation is barred by § 2680(h).  According, Plaintiff's fraud claim is dismissed with prejudice.

### B.   Violation of § 6331(k)(2)(A) and Violation of § 6331(k)(2)(C)

Plaintiff also alleges two separate causes of action for violations of two subsections of 26 U.S.C. § 6331.  Plaintiff alleges the IRS is bared under 26 U.S.C. § 6331(k)(2)(A) from levying property for unpaid taxes when an installment agreement is pending and is barred under § 6331(k)(2)(C) from levying property for unpaid taxes when an installment agreement is in effect. (Compl. ¶¶ 89–90, ECF No. 1).  Plaintiff further claims to have had at all relevant times either a pending agreement or an agreement currently in effect with the IRS. (*Id.*).  Plaintiff, however, has failed to show that he exhausted his administrative remedies before filing the present action.

26 U.S.C § 7433(d)[1] requires administrative remedies to be exhausted before damages under § 7433(b) can be awarded by this Court. 26 U.S.C § 7433(d)(1); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (failure to exhaust administrative remedies under § 7433(d)(1) deprived the court of jurisdiction over a taxpayer's damages claims regarding improper tax collection under § 7433(a)).[2]  Furthermore, Treas. Reg. § 301.7433-1(d)–(e) details the procedures for filing an administrative claim for an alleged violation of § 7433 before filing

---

[1] Section 7433(a) creates a civil cause of action for violation of any provision of that title, or any regulation promulgated under that title, against the government when committed recklessly, intentionally, or by reason of negligence by the IRS or its agents. 26 U.S.C § 7433(a); *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000).  Thus, Plaintiff's civil claims for the IRS's alleged violations of § 6331 are only actionable through § 7433.

[2] The Ninth Circuit has held that plaintiffs must exhaust administrative remedies before district courts have subject matter jurisdiction over a § 7433 claim. *Clark v. United States*, 462 F. App'x 719, 721 (9th Cir. 2011). However, the court in *Clark* noted that in light of *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006), a failure to exhaust administrative remedies may not deprive district courts of subject matter jurisdiction, but the district court must still dismiss such a claim for failure to exhaust administrative remedies. *Clark,* 462 F. App'x at 721 n.1.  *See also*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 636 (6th Cir. 2011).

an action with this Court. 26 C.F.R. § 301.7433-1.  Plaintiff does not allege any facts that lead the Court to believe he has exhausted the administrative remedies available to him.  Accordingly, Plaintiff's claims for violations of § 6331 are dismissed.  However, because the two year statute of limitations for these claims has not yet expired and Plaintiff may still exhaust his administrative remedies and then return to this Court having established jurisdiction, Plaintiff's § 7433 claims are dismissed without prejudice. *See* 26 U.S.C. § 7433(d)(3); *Conforte*, 979 F.2d at 1377.

### C. Violation of Internal Revenue Service Manual 5.11.4.3(2)

Plaintiff also alleges a claim for the violation of a policy in the Internal Revenue Manual.  Plaintiff claims § 5.11.4.3(2) of the Internal Revenue Manual states that the IRS may only levy cleared deposits that are available for withdrawal, which was not the case with Plaintiff's deposited funds. (*Id.* ¶¶ 99–100).  However, "[t]he Internal Revenue Manual does not have the force of law and does not confer rights on taxpayers." *Fargo v. C.I.R.*, 447 F.3d 706, 713 (9th Cir. 2006).  Thus, Plaintiff does not have a separate cause of action for an alleged violation of the Internal Revenue Manual by the IRS.  Accordingly, Plaintiff's Violation of Internal Revenue Service Manual claim is dismissed with prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the IRS's Motion to Dismiss (ECF No. 27) is **GRANTED**.  Plaintiff's claims for violation of § 6331(k)(2)(A) and violation of § 6331(k)(2)(C) are **DISMISSED without prejudice** so that Plaintiff may pursue his administrative remedies.  Plaintiff's claims for fraud and violation of Internal Revenue Service Manual are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that former Defendant JPMORGAN CHASE BANK's Motion to Dismiss (ECF No. 20) and the IRS's Motion for Summary Judgment (ECF No. 42) are **DENIED as moot.**  The Clerk shall enter judgment accordingly and close the case.

**DATED** this 7th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court