UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN GOLDSMITH, ESQ., an individual,<br><br>           Plaintiff,<br><br>    vs.<br><br>INTERNAL REVENUE SERVICE, a United States Government Entity,<br><br>           Defendant. | Case No.: 2:14-cv-01297-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion for Relief from Judgment (ECF No. 53) filed by Plaintiff Jonathan Goldsmith, Esq. ("Plaintiff"). Defendant Internal Revenue Service (the "IRS") filed a Response (ECF No. 55). For the reasons discussed below, Plaintiff's Motion is **DENIED**.

This case arises out of an alleged violation by the Internal Revenue Service (the "IRS") of 28 U.S.C. 6331(k). On August 7, 2014, Plaintiff filled a Complaint (ECF No. 1) alleging that the IRS had levied funds in volition of 26 U.S.C. § 6331(k)(2)(A), which bars the levying of property for unpaid taxes when an installment agreement is pending, and in violation of § 6331(k)(2)(C), which bars the levying of property for unpaid taxes when an installment agreement is in effect. (Compl. ¶¶ 89–90, ECF No. 1). On September 23, 2014, the IRS filed a Motion to Dismiss (ECF No. 27), arguing that Plaintiff had not exhausted his administrative remedies with the IRS pursuant to 26 U.S.C § 7433(d) prior to filing his Complaint.[1]  On April

---

[1] Section 7433(a) creates a civil cause of action for violation of any provision of that title, or any regulation promulgated under that title, against the government when committed recklessly, intentionally, or by reason of negligence by the IRS or its agents. 26 U.S.C § 7433(a); *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir.

7, 2015, this Court dismissed Plaintiff's § 6331(k)(2)(A) and § 6331(k)(2)(C) claims without prejudice for failure to exhaust his administrative remedies. (ECF No. 51).

On the same day, April 7, 2015, after this Court issued its Order, Plaintiff filled the instant Motion for Relief from Judgment. (ECF No. 53). Plaintiff makes two arguments in his motion. First, Plaintiff argues that this Court should grant him relief from judgment in light of new evidence, pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. (Mot. for Relief 3:13–25). Specifically, Plaintiff requests this Court consider the IRS's letter denying Plaintiff's administrative claim, dated February 24, 2015, and grant Plaintiff relief from this Court's earlier judgment based on this new evidence. (*Id.* at 3:14–17; IRS Letter, ECF No. 53-1). Second, Plaintiff argues he is entitled to relief from judgment to "correct a clear and manifest injustice." (*Id.* 4:2–16).

Although Plaintiff presents evidence that he has now exhausted his administrative remedies, Plaintiff did not exhaust these remedies before the filing of his Complaint in this Court. *See Gray v. United States*, 723 F.3d 795, 802 (7th Cir. 2013) ("[W]e conclude that 26 U.S.C. § 7433(d)(1) can reasonably be interpreted to require exhaustion of administrative remedies before suit."). Accordingly, Plaintiff is not entitled to relief from judgment pursuant to Rule 60(b). However, because the Court dismissed Plaintiff's action without prejudice, Plaintiff can to refile his Complaint before the expiration of the statute of limitations.

/ / /

/ / /

/ / /

/ / /

---

2000). Thus, Plaintiff's civil claims for the IRS's alleged violations of § 6331 are only actionable through § 7433.

I. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment (ECF No. 53) is **DENIED**.

**DATED** this __21__ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court